IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CELIA BOEHMER and RICHARD BOEHMER, )
)
)
Plaintiffs, )
)
vs. ) No. 09-CV-318-JHP
)
STATE FARM FIRE AND CASUALTY COMPANY, )
)
)
Defendant. )

**ORDER**

Before the Court is Plaintiffs Celia and Richard Boehmer's First Motion to Amend the Complaint [Doc No. 19] and Defendant's Response in Opposition to Plaintiffs' Motion [Doc. No. 20]. For the reasons set forth below, Plaintiffs' motion is **DENIED.**

On November 16, 2009, the Plaintiffs filed the pending Motion to Amend the Complaint requesting to add a state law negligence claim against Ray Roberts Insurance Agency, Inc., the agent that sold the Boehmers their insurance policy. Ray Roberts Insurance Agency, Inc., is an Oklahoma corporation with its principal place of business in Mayes County, Oklahoma; therefore, allowing the Plaintiffs to add this Defendant would destroy this Court's diversity based subject matter jurisdiction and require the case be remanded to state court. The Defendant objects to joinder of this party claiming the Plaintiffs' request is done in bad faith and is merely a ploy to have the case remanded back to state court.

The district court has broad discretion in deciding whether to allow an amendment which seeks to join a nondiverse party. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (internal citations omitted) Pursuant to 28 U.S.C. §1447(e) "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder. . ."

1

Since the decision regarding whether to allow joinder of this additional party will determine whether the Court will continue to maintain jurisdiction, "the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Ordinarily, Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "should be freely given when justice so requires." "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182. Several things the Court should consider are the "extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In this case the Plaintiffs filed their original Petition in state court on February 24, 2009. The case was later removed by Defendant State Farm in August, 2009. On September 21, 2009, the Plaintiffs filed a Motion to Remand in this case. On November 10, 2009, this Court entered an Opinion and Order denying Plaintiffs' Motion to Remand. This Court held that despite Plaintiffs' attempt to conceal the actual amount in controversy from the Defendant and this Court, statements made by the Plaintiffs confirmed that jurisdiction was proper in federal court. Then on November 16, 2009, Plaintiffs filed the current Motion to Amend seeking to add a nondiverse party. Not only does the delayed timing of the amendment suggest that the purpose of the amendment is solely to defeat diversity jurisdiction, but in depositions, the Plaintiffs have already stated they do not have any claims against the agent which they now seek to assert a claim against. In a deposition taken prior to the Defendant's removal to federal court the Plaintiff, Celia Boehmer testified:

> Q. Okay. Do you have any complaints against your State Farm agent that are part of this lawsuit?

> A. I don't know my agent. Never met him until the day he walked in and handed me a check saying he was sorry about the fire.
> Q. So is that a no?
> A. That would be a no.

[Doc No. 20-5]

Plaintiffs' attempt to join the insurance agent now as a party adding negligence claims against him after stating that she not only didn't know him, but had no claims against him can only be construed as an attempt to join him solely as an effort to destroy the Court's subject matter jurisdiction; therefore, this Court finds Plaintiffs' Motion to Amend is improper and is **DENIED**.

## CONCLUSION

For the reasons stated herein Plaintiffs' Motion is **DENIED**. The Court retains jurisdiction over this case.

**IT IS SO ORDERED** this 12th day of April, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma